# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

SERGIO HERRERA and YOUNG : 
YIL JO, : PRISONER CIVIL RIGHTS
    Plaintiffs, : 28 U.S.C. § 1331
 :
v. : CIVIL ACTION NO.
 : 1:10-CV-0701-MHS
SIX UNKNOWN NAMED :
AGENTS and PRESIDENT :
BARACK OBAMA, :
    Defendants. :

## ORDER AND OPINION

In this 28 U.S.C. § 1331 *pro se* civil rights complaint, Plaintiffs, currently confined at Airpark Unit Correctional Center in Big Spring, Texas, have submitted a single page of mostly unrelated and incoherent phrases. (Doc. 1 at 1.) The complaint does list the following two requests for relief: (1) "review by the writ of certiorari" all of the "final judgments" by Supreme Court Justice Samuel Alito, Jr.; and (2) money damages. (*Id.*) The complaint also contains a 38-page list of other federal prisoners and/or detainees who these Plaintiffs seek to name as additional plaintiffs. (*Id.* at 2-39.) Plaintiffs ask that these prisoners be given separate hearings, and that these hearings be televised. (*Id.* at 2-4.)

The Supreme Court has previously held that the violation of a person's constitutional rights by a federal official may give rise to an action for damages in federal court, pursuant to 28 U.S.C. § 1331. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 395-96 (1971). Because the causes of action brought pursuant to *Bivens* and 42 U.S.C. § 1983 are similar, courts "general apply § 1983 law to *Bivens* cases." *Wilson v. Blakenship*, 163 F.3d 1284, 1288 (11th Cir. 1998) (internal quotation omitted). To succeed on a claim brought under *Bivens* or 42 U.S.C. § 1983, "a plaintiff must show that the violative conduct 'was committed by a person acting under [] color of [] law' and that the 'conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Loren v. Sasser*, 309 F.3d 1296, 1303 (11th Cir. 2002) (quoting *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)).

Plaintiffs have not alleged that President Obama, Justice Alito, or the Six Unknown Named Agents have violated their rights under federal law. Furthermore, a federal district court does not have the authority to either order a review of Justice Alito's decisions or to order other federal courts to televise their hearings. Consequently, this civil rights action should be summarily dismissed. *See* 28 U.S.C. § 1915A(a)-(b) (requiring a district court to review "as soon as

practicable" a prisoner complaint and to "dismiss the complaint" if the prisoner "fails to state a claim upon which relief may be granted").

**IT IS ORDERED** that this *pro se* civil rights complaint [Doc. 1] is **DISMISSED**, pursuant to 28 U.S.C. § 1915A. For the purpose of dismissal only, Plaintiffs are **GRANTED** leave to file this action *in forma pauperis*.

The Clerk of this Court is **DIRECTED** to re-file this action as being brought pursuant to 28 U.S.C. § 1331.

**IT IS SO ORDERED**, this 30 day of Mar, 2010.

_____
MARVIN H. SHOOB
UNITED STATES DISTRICT JUDGE